Howard A. Zeller, J.
The First Presbyterian Church of Canastota was incorporated in 1833; the First Methodist Church of Canastota filed its certificate of incorporation in 1835. Each church now petitions for a court order, pursuant to section 13 *130 of the Religious Corporations Law of New York, to consolidate it with the other church and requests the consolidated church be known as the United Church of Canastota. An affidavit signed by five members of the First Methodist Church and an unverified petition containing numerous signatures of members of the same church have been submitted in opposition to the request for the order of consolidation.
In 1963 a special committee consisting of five members of each church was constituted and charged with the responsibility of recommending means of eliminating the divisions and duplications of the two churches and improving the strength of the “Protestant Units within the Community”, For the next three years the two churches co-operated in joint programs of a religious nature such as vacation church schools, Lenten season programs, union services during the summer months, and for a time, sharing the services of a Pastor. In March, 1966 discussions began concerning a possible consolidation of the two churches. In June, 1966 the congregation of each church voted to commit itself to merger with the other. An Inter-Church Co-operative Committee studied the possible denominational forms and affiliation of a merged church and recommended affiliation with the Central New York Annual Conference of The Methodist Church. The Quarterly Conference of The First Methodist Church on April 3,1967 did approve and recommend the proposed consolidation. Later in April, 1967 the two churches entered into a detailed written agreement of consolidation subject to the approval of the members of each church, of certain church authorities and of this court. The agreement provided the consolidated church would be affiliated with the Central New York Conference of The Methodist Church.
Notice of a meeting of the congregation of the First Methodist Church was given by reading the call from the pulpit and printing it in the morning calendar of the congregation on the Sun- • days of April 9, 16, and 23, 1967. The call stated there would be a meeting on April 26, 1967 at 8:00 p.m. at the church “ for the purpose of determining whether the union of The First Methodist Church of Canastota, with The First Presbyterian Church of Canastota shall be to form The United Church of Canastota with the Methodist denomination and to consider and act upon the proposed union and consolidation and the agreement and petitions therefore (sic).” The objectors now. claim the notice was inadequate because it did not specifically state there would be a vote on the proposed consolidation. The call was due and proper and did give adequate notice that the purpose of the meeting was to decide on the proposed consolida *131 tion. At the meeting, the consolidation agreement was approved by a vote of 83 to 6.
On June 17, 1967 the Central New York Annual Conference of The Methodist Church in session at Syracuse approved ¿he consolidation agreement. In its resolution it was noted the merger would bring the combined assets of both churches into a new church ‘ ‘ thereby providing it with a stronger financial and property base for its operation ”. On November 11, 1967 the Superintendent, Syracuse District, The Methodist Church, gave his written consent and approval to the consolidation of the two churches into The United Church of Canastota.
After due notice, a meeting of the congregation and corporation of The First Presbyterian Church of Canastota was held on April 26, 1967 and the proposed consolidation was approved by a vote of 54 to 4. The Presbytery of Cayuga-Syracuse at a meeting at Skaneateles on June 27, 1967 gave its consent. In May, 1968 the 180th General Assembly of The United Presbyterian Church in the United States of America, meeting in Minneapolis, voted its approval of the consolidation noting the new church would have its sole denominational affiliation with the Central New York Conference of The Methodist Church.
The foregoing meetings, votes and approvals comply with section 13 of the Religious Corporations Law which specifies what is necessary before petitions for an order of consolidation may be presented to the court. The circumstances under which court approval should be given or denied are not set forth in section 13. Hence this court must rely upon certain fundamental principles and precedents. The United States Constitution and the Constitution of our State forever separate church and government. The primary purpose of the Religious 'Corporations Law is to provide for an orderly method for the administration of the property and temporalities dedicated to the use of religious denominations. (Robertson v. Bullions, 11 N. Y. 243; Gram v. Prussia E. E. Lutheran German Soc., 36 N. Y. 161.) Courts should not interfere with ecclesiastical matters in which temporal rights are not involved and courts only may take cognizance of ecclesiastical doctrine when necessary to determine property rights. (Cadman Mem. Congregational Soc. of Brooklyn v. Kenyon, 279 App. Div. 1015, 1074, affd. 306 N. Y. 151, mot., for rearg. den., 306 N. Y. 851.) Courts are reluctant to adjudicate matters affecting religious societies and there is a limit beyond which the courts should not go in passing on church related problems. (76 C. J. S., Religious Societies, §86.)
*132 The gist of the opposing affidavit and unverified petition is that some members of the First Methodist Church at the time the vote of the congregation on consolidation believed the consolidated church would use the Methodist Church edifice for the place of worship and that this now has not been guaranteed by the acting trustees.
The answers to these objections are brief. No final decision has yet been made that the consolidated church will not use the Methodist edifice for the place of worship. The acting trustees cannot guarantee that the Methodist Church edifice will be used because under the agreement of consolidation the ultimate decision rests with the congregation of the consolidated church. (See, Consolidation Agreement, par. 7.)
Study of a proposed union of the two churches commenced over six years ago, approval of the consolidation agreement was given by each congregation after much planning and consideration, the proposed consolidation was ratified by the higher authorities of each church, and there has been de facto consolidation for over two years. For this court now to refuse to approve the consolidation would be an unwarranted judicial interference with carefully arrived at decisions duly made by religious corporations.
Section 13 of the Religious Corporations Law provides, in part, ‘1 the court may make an order for the consolidation of the corporations on the terms of such agreement and such other terms and conditions as it may prescribe ’ \
The consolidation of the two churches as the United Church of Canastota should be ordered upon the terms of the agreement of consolidation dated April 26, 1967 and upon the additional terms set forth in Appendix A* of this decision. Additional terms are necessary because some parts of the agreement are not explicit and due to the fact the agreement contemplated an effective date early in 1968 but there was a delay of about two years in presenting the petitions to this court.

 Appendix omitted.